```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF HAWAII
```

|  |  |
|---|---|
| Joe Daniels, | ) CR. NO. 08-00104 HG-03;<br>) Civ. NO. 10-00495 HG-BMK<br>) |
| Petitioner, | ) ORDER DENYING CERTIFICATE OF<br>) APPEALABILITY |
| vs. | ) |
| United States of America, | ) |
| Respondent. | ) |

**ORDER DENYING CERTIFICATE OF APPEALABILITY**

On December 30, 2008, Petitioner Joe Daniels was adjudicated guilty of conspiracy to distribute and possess with intent to distribute 50 grams or more of methamphetamine (Count 1), attempt to possess with intent to distribute 50 grams or more of methamphetamine (Count 2), and possession with intent to distribute 50 grams or more of methamphetamine (Count 3), based on a plea of guilty. (See Doc. 104).

On August 26, 2010, Petitioner filed a Habeas Corpus Petition pursuant to 28 U.S.C. § 2255. (Doc. 139).

On March 9, 2011, the Court issued an Order denying the Habeas Corpus Petition and denying Petitioner a Certificate of Appealability. (Doc. 157).

On August 22, 2011, Petitioner filed a Motion to Vacate the

Order denying his Habeas Petition pursuant to Federal Rule of Civil Procedure 60(b). (Doc. 162).

On November 28, 2011, the Court issued an Order denying the Motion to Vacate. (Doc. 166).

On December 12, 2011, Petitioner filed a Motion for Reconsideration of the Order denying the Motion to Vacate. (Doc. 167).

On January 6, 2012, the Court issued an Order denying the Motion for Reconsideration. (Doc. 168).

On January 23, 2012, Petitioner filed a Notice of Appeal of both the Court's Order denying his Motion to Vacate pursuant to Rule 60(b) and the Court's Order denying his Motion for Reconsideration. (Doc. 169).

On April 4, 2012, the Ninth Circuit Court of Appeals issued an Order remanding to the District Court for the limited purpose of granting or denying a certificate of appealability. (Doc. 171).

**I.  Petitioner is Not Entitled to a Certificate of Appealability**

To obtain a certificate of appealability, a petitioner must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000); Hiivala v. Wood, 195 F.3d 1098, 1104 (9th Cir. 1999). To satisfy this standard, the petitioner "must

demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

Petitioner has not made the required showing for a certificate of appealability in either his original Habeas Corpus Petition, his subsequent Motion to Vacate pursuant to Federal Rule of Civil Procedure 60(b), nor in his Motion for Reconsideration of the denial of his Motion to Vacate. Petitioner has not made any showing of the denial of a constitutional right under the United States Constitution. Reasonable jurists could not debate the Court's conclusion that Petitioner has failed to state a valid claim of the denial of a constitutional right.

**A. August 26, 2010 Habeas Corpus Petition**

In his original Habeas Corpus Petition, the Petitioner raised six grounds for relief. The Petitioner argued that he was entitled to have his conviction vacated because: (1) the Court lacked subject matter jurisdiction over his criminal case; (2) Titles 18 and 21 of the United States Code are unconstitutional; (3) it is unconstitutional for the government to set penalties for crimes other than counterfeiting, piracy, and treason; (4) the grand jury was not comprised of residents of a federal territory; (5) Petitioner is entitled to a jury trial of his

habeas claims pursuant to the Northwest Ordinance; and (6) Petitioner was provided with ineffective assistance of counsel.

Petitioner's arguments all failed to establish grounds for relief. The Court had subject matter jurisdiction over Petitioner's criminal prosecution, the federal statutes under which he was convicted are constitutional, the grand jury was properly composed, Petitioner was not entitled to a jury trial of his habeas claims, and Petitioner's counsel was not ineffective in advising Petitioner to enter a plea to a Magistrate Judge instead of an Article III Judge. Petitioner's plea was entered into knowingly and voluntarily.

The Court denied Petitioner a certificate of appealability for his habeas petition because he did not make a substantial showing of the denial of a constitutional right.

### B. August 22, 2011 Motion to Vacate Pursuant to Federal Rule of Civil Procedure 60(b)

In his Motion to Vacate Pursuant to Federal Rule of Civil Procedure 60(b), Petitioner argued that there was a defect in the habeas proceedings because the Court did not comply with Federal Rule of Civil Procedure 5.1 by notifying the Attorney General that a challenge had been made to the constitutionality of statutes and to the Court's subject matter jurisdiction. The Court did not err in failing to notify the Attorney General. The notification requirement under Rule 5.1 does not apply when the

United States is a party.

In the remainder of his Rule 60(b) Motion to Vacate, Petitioner argued that the Court lacked subject matter jurisdiction, that the statutes under which he was convicted are unconstitutional, and that the Grand Jury was improperly comprised of jurors drawn from outside of federal territory. Petitioner presented all of these arguments in his original Habeas Petition, and the Court entered a detailed order rejecting Petitioner's claims on their merits.

In addition, Petitioner's Motion to Vacate reasserts arguments set forth in his Habeas Petition, it is a successive habeas petition. The Court lacks jurisdiction to consider such arguments because Petitioner did not obtain authorization from the Court of Appeals to file a successive habeas petition.

Petitioner's Motion to Vacate pursuant to Federal Rule of Civil Procedure 60(b) fails to make any showing that Petitioner was denied a constitutional right.

### C. December 12, 2011 Motion for Reconsideration

In his Motion for Reconsideration of the denial of his Motion to Vacate pursuant to Federal Rule of Civil Procedure 60(b), Petitioner argued that the Court failed to address his arguments that Titles 18 and 21 of the United States Code were not properly enacted and that the Court lacked jurisdiction over

5

his crimes because they were not committed on federal land.  The
Court squarely considered these arguments in Petitioner's Habeas
Corpus Petition, and denied them on their merits.  The Court
lacked jurisdiction to consider these arguments anew because
Petitioner did not obtain authorization to file a successive
habeas petition from the Court of Appeals.  Petitioner's Motion
for Reconsideration fails to show the denial of a constitutional
right.

**II.  Summary**

All three of Petitioner's motions fail to raise a non-
frivolous constitutional issue.  Reasonable jurists would not
debate the Court's conclusion that Petitioner has failed to state
a valid claim of the denial of a constitutional right.  As
Petitioner has failed to make a substantial showing of the denial
of a constitutional right, a certificate of appealability is
denied.

**CONCLUSION**

Petitioner has not made the required showing for a
certificate of appealability in his Habeas Petition (Doc. 139),
his Motion to Vacate pursuant to Federal Rule of Civil Procedure
60(b) (Doc. 162), or his Motion for Reconsideration (Doc. 167).
A certificate of appealability from any of these filings is

therefore **DENIED**.

IT IS SO ORDERED.

DATED: April 18, 2012, Honolulu, Hawaii.



/S/ Helen Gillmor

Helen Gillmor
United States District Judge

Joe Daniels v. United States; Crim. No. 08-00104 HG-03/Civ. No. 10-00495 HG-BMK; **ORDER DENYING CERTIFICATE OF APPEALABILITY.**