IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Crim. No. 08-00104 HG-03 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| JOE DANIELS, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER DENYING DEFENDANT'S MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(2) AND AMENDMENT 782 TO THE UNITED STATES SENTENCING GUIDELINES (ECF No. 178)**

Defendant Joe Daniels is a prisoner incarcerated at the Federal Medical Center in Lexington, Kentucky. Defendant has filed a Motion for Sentence Reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 to the United States Sentencing Guidelines. Defendant is not eligible to receive a sentence reduction. Defendant's Motion for a Sentence Reduction is **DENIED**.

**PROCEDURAL HISTORY**

On September 5, 2008, Defendant Joe Daniels pled guilty to all three counts of a three count Indictment. (ECF No. 78). Defendant pled guilty to:

Count I for conspiracy to distribute and possess with intent

1

to distribute fifty (50) grams or more of methamphetamine, its salts, isomers and salts of its isomers;

Count II for attempting to possess with intent to distribute fifty (50) grams or more of methamphetamine, its salts, isomers and salts of its isomers;

Count III for possession with intent to distribute fifty (50) grams or more of methamphetamine, its salts, isomers and salts of its isomers.  (Indictment,  ECF No. 10).

On December 30, 2008, the Court accepted the plea of guilty and adjudged Defendant Daniels guilty.  (ECF No. 104).

On January 23, 2009, Defendant was sentenced to 170 months imprisonment as to each of Counts 1 through 3, to be served concurrently.  (ECF Nos. 112, 121).

On February 12, 2009, Defendant filed an appeal of his sentence with the United States Court of Appeals for the Ninth Circuit.  (ECF No. 124).

On October 28, 2009, Defendant's sentence was affirmed. (ECF No. 136).

On August 26, 2010, Defendant filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255.  (ECF No. 139).

On February 23, 2011, the Court issued an Order Denying Defendant's Petition to Vacate, Set Aside, or Correct Sentence. (ECF No. 156).

On March 7, 2011, Defendant filed an appeal of the Order Denying his 2255 Petition with the United States Court of Appeals for the Ninth Circuit. (ECF No. 158).

On March 9, 2011, the Court issued an Amended Order Denying Defendant's 2255 Petition. (ECF No. 157).

On May 13, 2011, the Ninth Circuit Court of Appeals denied Defendant's appeal of his 2255 Petition. (ECF No. 161).

On August 22, 2011, Defendant filed a "Motion to Vacate Pursuant to FRCP Rule 60(b) and Review Pursuant to Bond V United States, 09-1227 (564 U.S. 2011) for Defect in the Habeas Proceeding." (ECF No. 162).

On September 6, 2011, Defendant filed a Motion to Correct Number on Certified Mail Receipt. (ECF No. 163).

On November 28, 2011, the Court issued an Order Denying Defendant's Motion to Vacate Pursuant to Rule 60(b) and Review Pursuant to Bond v. United States and Motion to Correct Number of Certified Mail Receipt. (ECF No. 166).

On December 12, 2011, Defendant filed a Motion for Reconsideration. (ECF No. 167).

On January 6, 2012, the Court issued an Order Denying Defendant's Motion for Reconsideration. (ECF No. 168).

On January 23, 2012, Defendant filed an appeal with the United States Court of Appeals for the Ninth Circuit. (ECF No. 169).

On April 4, 2012, the case was remanded to address the question of issuing a certificate of appealability. (ECF No. 171).

On April 18, 2012, the Court issued an Order Denying a Certificate of Availability. (ECF No. 172).

On May 15, 2012, the Ninth Circuit Court of Appeals denied Defendant's appeal. (ECF No. 173).

On August 12, 2012, Defendant filed a petition for a writ of certiorari with the United State Supreme Court. (ECF No. 174).

On October 15, 2012, Defendant's petition for a writ of certiorari was denied. (ECF No. 175).

On December 11, 2014, Defendant, proceeding pro se, filed a "MOTION FOR JAIL TIME CREDIT AND MOTION FOR APPOINTMENT OF COUNSEL FOR TWO POINT MOTION PURSUANT TO 18 USC §3582(c)(2)." (ECF No. 176).

On December 16, 2014, the Court issued a Minute Order granting Defendant's request and appointed the Federal Public Defender's Office as Defendant's counsel. (ECF No. 177).

On April 3, 2015, Defendant, proceeding pro se, filed a "MOTION FOR REDUCTION OF SENTENCE (18 U.S.C. §3582) PURSUANT TO AMENDMENT 782 OF THE U.S.S.G." (ECF No. 178).

On April 7, 2015, the Federal Public Defender's Office sent a letter stating that it had determined that Defendant Daniels was not eligible for a sentence reduction pursuant to Amendment

782 and requested to withdraw as counsel.  (ECF No. 179).

On April 9, 2015, the Court granted the Federal Public Defender's request to withdraw as counsel.  (ECF No. 180).  The Court ordered the Government to respond to Defendant's pro se Motion for Sentence Reduction and elected to decide Defendant's Motion without a hearing.  (ECF No. 180).

On April 15, 2015, the Government filed UNITED STATES' MEMORANDUM REGARDING DEFENDANT JOE DANIELS' ELIGIBILITY FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582c)(2) AND AMENDMENT 782 TO THE UNITED STATES SENTENCING GUIDELINES.  (ECF No. 181).

## ANALYSIS

**I. Eligibility for a Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 to the United States Sentencing Guidelines**

18 U.S.C. § 3582(c)(2) authorizes district courts to modify an imposed sentence in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission. United States v. Dunn, 728 F.3d 1151, 1155 (9th Cir. 2013); see also 28 U.S.C. § 994(o).  A reduction is allowed only when such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission.  Dillon v. United States, 560 U.S. 817, 826 (2010); 28 U.S.C. § 994(u).  The

Sentencing Commission has explained that a reduction in the defendant's term of imprisonment is not authorized if the amendment does not have the effect of lowering the defendant's applicable guideline range. U.S.S.G. § 1B1.10, cmt. n.1(A) (2014).

On November 1, 2014, Amendment 782 to the United States Sentencing Guidelines became effective. Amendment 782 reduced by two levels some, but not all, of the base offense levels in the Drug Quantity Tables at U.S.S.G. §§ 2D1.1 and 2D1.11. The Sentencing Commission provided that Amendment 782 would apply retroactively to previously-sentenced defendants. U.S.S.G. §§ 1B1.10(d), (e)(1).

**II. Defendant is Not Eligible for a Sentence Reduction Because Amendment 782 Did Not Lower the Guideline Range Applicable to Defendant**

A defendant is not eligible for a sentence reduction if his offense involved a quantity of drugs that remains subject to the maximum base offense level in the Drug Quantity Tables as revised by Amendment 782. U.S.S.G. §§ 1B1.10(b)(1); see United States v. Gonzalez, 2015 WL 854206, *1 (E.D. Cal. Feb. 26, 2015); United States v. Mosley, 2015 WL 1926127, *1 (N.D. Ill. Apr. 24, 2015).

On January 23, 2009, Defendant was sentenced to 170 months incarceration. At the time of Defendant's sentencing, a defendant was subject to the maximum base offense level of 38 if

he was responsible for 1.5 kilograms or more of "ice." Defendant's Presentence Investigation Report reflects that the initial base offense level was calculated at level 38 because Defendant was responsible for a total of 22.80 kilograms of "ice."

Amendment 782, effective on November 1, 2014, raised the drug quantities subject to the maximum base offense level of 38 in U.S.S.G. § 2D1.1.  Pursuant to Amendment 782, a defendant is subject to maximum base offense level of 38 if he is responsible for 4.5 kilograms or more of "ice."  Defendant remains subject to the maximum base offense level of 38 because he was responsible for 22.80 kilograms of "ice."  22.80 kilograms of "ice" is well above the 4.5 kilogram quantity amended in the Drug Quantity Table in § 2D1.1 in the Sentencing Guidelines.

The revisions to the Drug Quantity Tables pursuant to Amendment 782 did not lower Defendant's applicable guideline range.  U.S.S.G. § 1B1.10(b)(1).  Defendant is not eligible to receive a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2).

//
//
//
//
//

**CONCLUSION**

Defendant's MOTION FOR REDUCTION OF SENTENCE (18 U.S.C. §3582) PURSUANT TO AMENDMENT 782 OF THE U.S.S.G." (ECF No. 178) is **DENIED**.

IT IS SO ORDERED.

DATED: May 11, 2015, Honolulu, Hawaii.



    /s/ Helen Gillmor

Helen Gillmor
United States District Judge

United States v. Joe Daniels, Crim. No. 08-00104 HG-03; **ORDER DENYING DEFENDANT'S MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(2) AND AMENDMENT 782 TO THE UNITED STATES SENTENCING GUIDELINES (ECF No. 178)**